UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FATHIREE ALI,

Plaintiff,

v.

ROBERT AULT, et al.,

Defendants.
______________________________/

CASE No. 1:25-CV-827

HON. ROBERT J. JONKER

**ORDER AFFIRMING MAGISTRATE JUDGE'S NONDISPOSITIVE DECISIONS AND APPROVING AND ADOPTING REPORT AND RECOMMENDATION**

**INTRODUCTION**

This is a prisoner civil rights case. The only claims that survived screening are Plaintiff's First Amendment retaliation claims contending that Defendants, in their individual capacities, destroyed Plaintiff's property and facilitated Plaintiff's transfer to a correctional facility in Michigan's Upper Peninsula because of Plaintiff's lawsuits and grievances. On April 20, 2026, Defendants filed a motion for partial summary judgment, seeking the dismissal of Defendant Garret and the retaliatory transfer claims against the remaining defendants. (ECF No. 18). Plaintiff never filed a response to the motion.

On April 30, 2026, the Magistrate Judge entered a Standard Case Management Order setting certain deadlines. In particular, the Magistrate Judge set a deadline of August 28, 2026, for the completion of discovery, and September 25, 2026, for summary judgment motions. (ECF No. 20). Nothing in that order relieved Plaintiff of his obligation to respond to the pending defense motion. To the contrary, it expressly recited that a response to a motion for summary

judgment was due twenty-eight days after the defense's filing. (*Id.*). Approximately three months later, on June 23, 2026, Plaintiff filed a motion to amend the Complaint. (ECF No. 22). Then on July 28, 2026, Plaintiff filed a motion to extend the discovery deadline. (ECF No. 27). The defense opposed both motions. (ECF Nos. 24, 29). Plaintiff still did not respond to the summary judgment motion that had been pending since April 20, 2026.

On August 20, 2026, the Magistrate Judge denied Plaintiff's motions. (ECF No. 32). The same day, the Magistrate Judge filed a Report and Recommendation that recommended the Court grant the defense partial summary judgment motion. (ECF No. 33). On September 11, 2026, Plaintiff filed an Objection with several arguments, some pertaining to the Magistrate Judge's order on Plaintiff's motions and other pertaining to the separate Report and Recommendation. Those objections are presently before the Court for decision.

**PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S NONDISPOSITIVE RULINGS**

Plaintiff Objects to the Magistrate Judge's decision denying his motion to amend his complaint and to extend discovery. Because the Magistrate Judge's decision was not clearly erroneous, the Court affirms the order of the Magistrate Judge.

In considering an appeal of a magistrate judge's ruling on a nondispositive pretrial motion, the Court applies a "clearly erroneous or contrary to law standard of review." *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) (citing *United States v. Raddatz*, 447 U.S. 667, 673 (1980)); *accord Brown v. Wesley's Quaker Maid, Inc.*, 771 F.2d 952, 954 (6th Cir. 1985) (citing 28 U.S.C. § 636(b)(1)(a)); *see also* FED. R. CIV. P. 72.2 (District judge must consider timely objections to nondispositive pretrial orders of magistrate judge and modify or set aside any part of order that is clearly erroneous or contrary to law.). A finding is "clearly erroneous" when "'the

reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer City, North Carolina*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Plaintiff first objects to the Magistrate Judge's denial of Plaintiff's motion to amend his complaint. Plaintiff sees error here because, he contends, he timely filed his motion and he was entitled to amend his complaint as a matter of course under the CMO. The motion may have been timely, but Plaintiff was not entitled to amend as a matter of course and nothing in the CMO said otherwise. Nothing in the CMO could, nor did, overrule the requirements of Rule 15. And as the Magistrate Judge correctly recognized, when Plaintiff filed his motion to amend, Plaintiff could not amend as a matter of course under Rule 15(a)(1), because more than 21 days had elapsed since the Defendants filed their motion for summary judgment. In such a circumstance, Plaintiff was required to seek the defendants' written consent or the court's leave. *See* Fed. R. Civ. P. 15(a)(2). Plaintiff did not do so, and so the Magistrate Judge did not err, much less clearly err, in denying Plaintiff's motion to amend.

Plaintiff also objects to the Magistrate Judge's denial of his motion to extend discovery. As the Magistrate Judge correctly summarized, under this district's local rules Plaintiff was required to confer in good faith with the defense and seek the defendants' concurrence before filing the motion. There is no dispute that Plaintiff did not do so. In his objections, Plaintiff simply argues that the Magistrate Judge should have excused the local rule's requirement given the difficult circumstances he faced. Seeking concurrence is not a heavy burden, and Plaintiff offers no argument as to why he was able to file his motion, but not seek concurrence. The Magistrate Judge did not clearly error in denying Plaintiff's motion for failure to comply with the local rules.

Plaintiff's remaining objections pertain to the Magistrate Judge's Report and Recommendation that the Court grant the defense's motion for partial summary judgment. The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action (ECF No. 33) and Plaintiff's Objection (ECF No. 35). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds the Magistrate Judge's Report and Recommendation is factually sound and legally correct.

The Magistrate Judge recommends granting the defense's motion for partial summary judgment on the basis of failure to exhaust. As a threshold matter, it appears that Plaintiff objects to the Magistrate Judge's decision to file the Report and Recommendation when he did because, Plaintiff says, it cut off the time Plaintiff had under the CMO to file his own motion for summary judgment setting out his position on exhaustion. But this is a misread of the CMO and this district's local rules. A party does not respond to an opposing party's motion for summary

judgment with another motion for summary judgment. Rather, as was expressly stated in the CMO, a response to any defense motion for summary judgment on the basis of exhaustion was required within twenty-eight days of filing. (ECF No. 20, PageID.93). This is consistent with the local rules on dispositive motions that provide "any party opposing a dispositive motion [such as a motion for summary judgment] shall, within twenty-eight (28) days after service of the motion, file a responsive brief and any supporting materials." W.D. MICH. LCIVR 7.2(c). Plaintiff did not comply with the local rules by filing a responsive brief, and nothing within the CMO excused Plaintiff's obligation to do so.

Plaintiff proceeds to object to the Report and Recommendation on the merits. The Court has discretion whether to consider the belatedly submitted argument and information. 28 U.S.C. § 636(b)(1)(C) (the District Judge "may . . . receive further evidence."). This discretion prevents sandbagging of the Magistrate Judge, while at the same time leaving the door open to plenary consideration of new information in appropriate cases. *See Walker v. Berrien County Jail*, Case No. 1:18-cv-722, ECF No. 41 (W.D. Mich. Feb. 25, 2021) ("A party cannot sandbag the Court and an opposing party by submitting critical materials after the Magistrate Judge submits his or her Report and Recommendation."). Here the argument Plaintiff presents has been available to him all along, and the record discloses no good reason for the belated submission.

But even considering the untimely filing, and reviewing all other matters of record de novo, nothing in Plaintiff's submission convinces the Court that the Magistrate Judge got it wrong. The only grievance that went through to step III is clearly limited to the portion of Plaintiff's retaliation claim pertaining to property destruction issues. So the Magistrate Judge was correct that a retaliatory transfer claim was unexhausted and that dismissal of that portion of Plaintiff's claim,

along with the dismissal of Defendant Garrett as a party defendant was called for. In fact, Plaintiff could not have grieved his transfer in the grievance challenging the property destruction. That grievance was filed on March 28, 2022, and related to a March 24, 2022, hearing. But the challenged transfer didn't happen until April 27.

**ACCORDINGLY, IT IS ORDERED** that the Magistrate Judge's Order (ECF No. 32) is **AFFIRMED.**

**IT IS FURTHER ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 33) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Partial Summary Judgment (ECF No. 18) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant Garrett is **DISMISSED** as a party defendant.

This case shall proceed on Plaintiff's First Amendment retaliation claims against Defendants Ault, Cline, Ader, and Rurka based on the adverse action of issuing and pursuing a Notice of Intent to destroy Plaintiff's property.

Dated: September 21, 2026

/s/ Robert J. Jonker
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE